■ WILLIAM FREER, Appellant, v JOANNE FREER, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Torraca, J.), entered June 17, 1988 in Ulster County, which required plaintiff to transfer his interest in the marital residence to defendant.

In 1986, the parties were divorced. The resettled judgment ordered, *inter alia,* the prompt sale of the marital residence with the proceeds to be divided equally after various expenses and marital debt were paid. It further allowed defendant to purchase the marital residence and established a procedure for defendant to follow to exercise this option. Although defendant indicated an intention to purchase plaintiff's share of the marital residence, no sale occurred. In 1987, plaintiff moved for an order directing disposition of the marital residence. Defendant cross-moved for an order directing plaintiff to sell his share of the marital residence to her as allowed by the resettled judgment. Plaintiff defaulted on the cross motion, which the court granted. Plaintiff then moved to reargue

or renew, which was treated as a motion to open the default. The motion was granted and further papers were submitted. Supreme Court then ordered plaintiff to transfer his interest in the marital residence to defendant in exchange for $10,976. Plaintiff appeals from the order entered thereon.

It appears to us that defendant has been ready, willing and able to purchase plaintiff's share of the marital residence since at least the date of the resettled judgment. Defendant received a mortgage commitment even before that date and acceded to plaintiff's appraisal value of the residence in order to facilitate the transaction. Plaintiff failed to set a closing date or even respond to defendant's numerous requests for information about the amount of the marital debt. We are most disturbed by plaintiff's failure to cooperate and comply with the dictates of the resettled judgment.

Nonetheless, we are constrained to reverse. Supreme Court apparently adopted the $10,976 amount from correspondence between the parties and it is difficult to assess the correctness of this amount without substantiation for it in the record. On remittal, Supreme Court should reconsider the amount defendant must pay plaintiff in exchange for his share of the marital residence and explain its determination. To prevent plaintiff from benefiting from his recalcitrance and delaying tactics, we find it appropriate for the court to use plaintiff's $90,000 appraisal as the fair market value of the marital residence. The court should also make certain that the marital debts are satisfied. Finally, we instruct the court to monitor this matter closely to ensure a speedy conclusion with both parties, especially plaintiff, cooperating.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.